```
                              FILED
                         U.S. DISTRICT COURT

                         2009 MAY 19  A 10: 49

                          DISTRICT OF UTAH

                         BY:_____
                            DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FUSION MULTISYSTEMS, INC. d/b/a FUSION-IO,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. BASILE,<br><br>Defendant. | STIPULATED INTERIM ORDER<br><br>Case No. 2:09-CV-00426<br><br>Judge J. Thomas Greene |

This matter came before the Court for a Status and Scheduling Conference on Wednesday, May 13, 2009, at the hour of 2:00 o'clock p.m., and again on Monday, May 18, 2009, at 2:15 p.m., with the Honorable J. Thomas Greene, District Judge, presiding. At both hearings, Plaintiff Fusion Multisystems, Inc., d/b/a Fusion-io ("Fusion-io") was represented by David M. Bennion and Scott S. Bell, of the law firm of Parsons Behle & Latimer; Defendant Donald G. Basile ("Basile") was represented by Patricia W. Christensen of the law firm of Parr Brown Gee & Loveless, and by Eric C. Kastner, of the California law firm of Kastner – Kim, LLP, who appeared by telephone conference.

Following extended discussion of the issues between the Court and all counsel, an agreement was reached with respect to various preliminary matters. This stipulated interim order memorializes that understanding and agreement between the Court and counsel for both parties at this time. This interim agreement shall be effective from this 18th day of May 2009, until June 23, 2009, or any continuation or stay hereof.

The Court, being fully advised in the premises, and good cause appearing, therefore enters the following stipulated ORDER:

## STIPULATED ORDER

1. Plaintiff Fusion-io terminated Defendant Basile as its Chief Executive Officer on February 23, 2009.

2. After termination of his employment, however, Fusion-io contends that Basile continued in possession of certain property, including but not limited to e-mails, documents and an ioSAN prototype card, which Fusion-io has sought to have returned. Fusion-io has also demanded that Basile acknowledge his purported continuing obligations not to (a) use or disclose Fusion-io's purported confidential and trade secret information; or (b) solicit Fusion-io employees and customers for a period of twelve months after the termination of his employment.

3. After Basile failed to respond to Fusion-io's demands, Fusion-io filed the Complaint in this matter on May 8, 2009, and served a demand for arbitration.

4. Fusion-io then filed a Motion for Temporary Restraining Order and Preliminary Injunction herein, on May 11, 2009, seeking, among other things, an order of this Court prohibiting Basile from working for Violin Memory or any other direct competitor of Fusion-io and directing Basile to return to Fusion-io the property Fusion-io claims that Basile had in his possession or under his control at the time of his termination.

5. Basile, through counsel, represented to Fusion-io for the first time on May 15, 2009, that the only materials he has in his possession or under his control, that are responsive to

Fusion-io's requests described in paragraph 2 above, are located on an external hard drive, which he has in his possession. Basile represents that he has not used or disclosed any of Fusion-io's confidential information or trade secrets in any way since February 23, 2009.

6. Basile, through counsel, specifically represented for the first time on May 15, 2009, that he does not now have, and that he has not had an ioSAN card, or a laptop computer belonging to Fusion-io, in his possession or under his control since the termination of his employment with Fusion-io.

7. The parties, through their counsel, have agreed that Basile will, upon execution of this Stipulated Interim Order, immediately deliver the hard drive to a representative of Orange Legal Technologies in Salt Lake City, Utah.

8. Orange Legal Technologies will then mirror the hard drive onto a disc, and the hard drive itself and the mirror image thereof will be lodged with this Court until further Order of this Court.

9. In the event of a dispute with respect to the contents of the hard drive lodged with the Court, either or both parties may seek an order of the Court, following notice and an opportunity to be heard by all parties, permitting an examination of the hard drive by a qualified third party expert, under conditions designed to protect the confidentiality of any and all information subject to a claim of privilege.

10. It is understood and agreed by the parties that the information made the subject of this Order is considered to be "confidential information" by Fusion-io, and it shall not be disclosed or used by Basile for any purpose other than the pursuit of his claims and defenses in

this litigation and any related mediation or arbitration proceedings. Indeed, Basile may not use any such information, whether in this agreement or otherwise, except to pursue his claims and defenses in this litigation and any related mediation or arbitration proceedings. This stipulation is made without prejudice to any later decision by this Court or in arbitration whether Fusion-io's claim of confidential information and/or trade secrets is supported in fact or in law.

11. From the execution of this Stipulated Interim Order until the entry of an order deciding Fusion-io's Motion for Temporary Restraining Order and Preliminary Injunction, Basile shall not discuss or otherwise provide services related to Fusion-io to Violin Memory or any other direct competitor of Fusion-io.

12. Basile shall refrain from (a) disclosing or otherwise using Fusion-io's purported confidential and proprietary business and trade secret information; (b) transferring Fusion-io's purported confidential and proprietary business and trade secret information to any person or entity; (c) soliciting any of Fusion-io's customers or users who were customers or users at any time during Basile's employment with Fusion-io; (d) contacting any current or former employee of Fusion-io or from taking any other steps for the purpose of obtaining Fusion-io's confidential and proprietary business and trade secret information; (e) violating any of Basile's purported continuing duties to Fusion-io under his Employment Agreement and PIIA; and (f) deleting or destroying any Fusion-io property or confidential information before returning it to Fusion-io.

13. An evidentiary hearing on Plaintiff's motion for preliminary injunction shall be held beginning June 23, 2009, and is expected to last three to four days. Defendant's opposition to the motion shall be filed and served on or before Friday, June 5, 2009; and any reply memorandum shall be filed and served on or before Friday, June 12, 2009.

14.     If either party wishes to file motions prior to the preliminary injunction hearing, the motion(s) and supporting memoranda must be filed and served upon the opposing party on or before Friday, May 22, 2009. Any memoranda in opposition to such motion(s) must be filed and served upon the opposing party on or before Friday, May 29, 2009; and any reply memoranda must be filed and served upon the opposing party on or before June 1, 2009. Such motions shall be heard by the Court on June 3, 2009.

15.     The parties will cooperate in agreeing upon a schedule for conducting expedited discovery, to the extent necessary, with respect to the aforesaid motions.

16.     By entering into this Stipulation, neither party waives or in any way surrenders or compromises any of its rights, claims, or arguments against the other.

ENTERED this 18th day of May 2009.

BY THE COURT:

*J. Thomas Greene*
Thomas Greene
United States District Judge

**STIPULATED AND AGREED:**

PARSONS BEHLE & LATIMER

*David M. Bennion*
David M. Bennion
Attorneys for Plaintiff

PARR BROWN GEE & LOVELESS

*Patricia W. Christensen*
Patricia W. Christensen
Attorneys for Defendant

5